UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

LEXINGTON INSURANCE COMPANY                CIVIL ACTION

VERSUS                                     NO: 11-644

JOANN C. GUIDOS, ET AL.                    SECTION: R(4)


**ORDER AND REASONS**

Before the Court is plaintiff Lexington Insurance Company's motion to dismiss with prejudice.[1]   For the following reasons, Lexington's motion is GRANTED.


**I.   BACKGROUND**

Lexington reached a settlement agreement with Joann C. Guidos in connection with property damage related to Hurricane Katrina.[2]  Lexington asserts that since the settlement was

---

[1]    R. Doc. 13.

[2]    R. Doc. 1.

reached, Guidos has entered into bankruptcy proceedings, had foreclosure proceedings instituted, entered into agreements with the State of Louisiana, and obtained counsel.  Each party potentially has an interest in the settlement agreement funds.

Lexington filed this interpleader action on March 23, 2011 and paid $19,947.13 into the registry of the United States District Court for the Eastern District of Louisiana.[3]  Lexington now moves to discharge itself from further liability.[4]


## II.  DISCUSSION

Under 28 U.S.C. § 1335, "district courts shall have original jurisdiction of any civil action of interpleader . . . filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more."  28 U.S.C. § 1335(a).  Courts require a single, identifiable fund to bring a statutory interpleader. *Wausau Ins. Co. v. Gifford*, 954 F.2d 1098, 1100 (5th Cir. 1992)(citing *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967).  In addition, Section 1335 requires that 1) two or

---

[3]     R. Doc. 4.

[4]     Although Lexington styles its motion as a motion to dismiss with prejudice, the Court construes the motion as one for discharge.  *See* 28 U.S.C. § 2361 (mentioning discharge but not dismissal).

2

more adverse claimants have diversity of citizenship, and 2) the plaintiff has deposited the fund into the court registry.  28 U.S.C. § 1335(a).

Lexington has met the requirements of statutory interpleader.  The settlement agreement satisfies the single fund requirement.[5]  Claimants Joann C. Guidos, the State of Louisiana Road Home Program, Sterling J. Beaullieu, Jr., and The Law Office of Fontana and Seelman, LLP are all citizens of Louisiana; claimant Option One Mortgage Services, Inc. is a citizen of California, its place of incorporation, and Massachusetts, its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).  Since the case involves both a Louisiana claimant and a claimant from another state, the Court has jurisdiction pursuant to § 1335.  That multiple claimants are from the same state does not defeat jurisdiction so long as one claimant is diverse.  *See Haynes v. Felder*, 239 F.2d 868 (5th Cir. 1957)(minimal diversity existed over five Texas claimants and one Tennessee claimant).  Finally, Lexington properly paid the fund into the court registry.[6]  Accordingly, interpleader is available.

---

[5]     R. Doc. 1.

[6]     R. Doc. 4.

3

Lexington now seeks a discharge from further liability.[7] Under 28 U.S.C. § 2361, a "district court . . . may discharge the plaintiff from further liability . . . and make all appropriate orders to enforce its judgment."  28 U.S.C. § 2361.  If "the court decides that interpleader is available, it may issue an order discharging the stakeholder, if the stakeholder is disinterested."  7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1714 (3d ed. 2001); see also U.S. v. High Tech. Prods., Inc., 497 F.3d 637, 641 (6th Cir. 2007)(discharge is appropriate when the court decides that interpleader is available); Mendez v. Teachers Ins. and Annuity Assn. and College Retirement Equities Fund, 982 F.2d 783, 787 (2d Cir. 1992)(district court is authorized to discharge the stakeholder if there is a fund greater than $500 that is paid into the court registry, adverse claimants of diverse citizenship, and a disinterested stakeholder).  Lexington is a disinterested party because it paid the entirety of the fund into the court registry, disavowing interest in it, and there is no material controversy involving Lexington.  See Gen. Elec. Capital Assurance v. Van Norman, 209 F. Supp. 2d 668, 670 (S.D. Tex. 2002)(stakeholder is entitled to discharge when claimants do not

---

[7]      This motion is unopposed.

4

oppose the motion and there was no material controversy involving
stakeholder); *New York Life Ins. Co. v. Deshotel*, No. 94-3278,
1995 WL 529838, at *2 (E.D. La. Sept. 7, 1995)(stakeholder is
disinterested when there are no claims against it, it has
deposited proceeds, and it disavows any portion of the proceeds).


**IV.   CONCLUSION**

For the foregoing reasons, Lexington's motion for discharge
is GRANTED.


New Orleans, Louisiana, this 29th day of August, 2011.


_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE